# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### February 8, 2011 Session

## STATE OF TENNESSEE v. WALTER ODELL SAVAGE

### Appeal from the Criminal Court for Putnam County
### No. 09-0846     David Patterson, Judge

### No. M2010-02040-CCA-R3-CD - Filed May 4, 2011

The Defendant, Walter Odell Savage, pled guilty to three counts of sale of . 5 grams or more of cocaine, a Class B felony. See Tenn. Code Ann. § 39-17-417. The trial court sentenced the defendant to an effective ten-year sentence to be served in confinement. In this appeal as of right, the Defendant contends that the trial court erred by ordering his sentence served in confinement. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

David Neal Brady, District Public Defender; and Jennifer Kollstedt, Assistant Public Defender, for the appellant, Walter Odell Savage.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; Randall A. York, District Attorney General; and Douglas E. Crawford, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant was indicted on three counts of sale of .5 grams or more of cocaine, three counts of delivery of .5 grams or more of cocaine, and two counts of violating the Drug Free School Zone Act. See Tenn. Code Ann. §§ 39-17-417, -432. On July 20, 2010, the Defendant pled guilty to three counts of sale of .5 grams or more of cocaine in exchange for an effective ten-year sentence with the manner of service to be determined by the trial court. At the guilty plea hearing, the State presented the following stipulated facts: that on three occasions at a predetermined location the Defendant sold cocaine to an undercover officer

accompanied by a confidential informant, that one of these sales occurred within a thousand feet of an elementary school, and that the amount of cocaine sold on all three occasions was .5 grams or more.

On September 20, 2010, a sentencing hearing was held to determine the manner of service for the Defendant's sentence. At the hearing, Board of Probation and Parole Officer Andrew Coffey testified that he compiled the Defendant's presentence report. According to the report, the Defendant had previously been convicted of driving under the influence (DUI) in 2002 and reckless driving in 1995 and 1996. Officer Coffey testified that the Defendant was placed on probation for the 2002 DUI and that in March 2003, a probation violation warrant was issued against the Defendant. The violation warrant alleged that the Defendant had tested positive for cocaine. The Defendant's probation was partially revoked in April 2003, he was ordered to serve 45 days in jail, and his probation was extended for one year.

The Defendant informed Officer Coffey that "he has long had a problem with cocaine" that first started when he was 30. However, Officer Coffey testified that he administered a drug screen on the Defendant and that the results were negative for all drugs tested. The Defendant told Officer Coffey that he had retired from "the telephone company" after 27 years and since then has worked at various jobs off and on. The Defendant explained to Officer Coffey that he sold cocaine to an undercover officer three times because he was "[t]rying to help a ten year friend get dope."

The Defendant testified that he had "a drug problem" going back to 1998. According to the Defendant, since 1998 he had "been to a lot of [Alcoholics Anonymous] classes" at "different places." The Defendant explained to the trial court that he took care of his mother, who had a heart problem, and drove her to her doctor's appointment. The Defendant also explained that his wife did not have a driver's license because she had failed to pay fines for various driving offenses; therefore, he was needed to provide her transportation as well. The Defendant told the trial court that he would undergo any drug treatment ordered by the court and that he would comply with the conditions of any alternative sentence. On cross-examination, the Defendant admitted that all three of the drug sales occurred within one month, but he denied having any other "customers" besides his "ten year friend."

In ordering that the Defendant's sentence be served in confinement, the trial court stated that it considered the evidence at the guilty plea and sentencing hearings, the circumstance of the offenses, the Defendant's criminal and social history, the Defendant's amenability to correction, the deterrent value to the accused and others, as well as the considerations listed in Tennessee Code Annotated section 40-35-103(1). In concluding that the sentence should be served in confinement, the trial court stated

The difficulty that [the Defendant] has today is his number of counts that he's pled guilty to and the seriousness of each of the offenses to which he has pled . . . .

This court takes into consideration that it is not much older than [the Defendant]. It certainly wouldn't look forward to serving a ten year sentence at this point, even as a range one offender. But the court is very much impressed with the three occasions, the amount that's being sold and the fact that [the Defendant] has been revoked in the past while on probation for the use of cocaine in making its determination that the ten year sentence should be served. That is the order of the court and those are the findings of the court.

## ANALYSIS

The Defendant contends that the trial court erred by ordering his sentence to be served in confinement. The Defendant argues that the trial court failed to make "a proper record as to the [Tennessee Code Annotated section] 40-35-103 factors used to justify a sentence of confinement." The Defendant further contends that confinement is inappropriate in this case because he has a relatively minor criminal record, his offenses were not in any way excessive or exaggerated, there was no evidence that confinement in this case is particular suited to provide an effective deterrence to others, he has only had one probation violation, and he "is a good candidate for rehabilitation." The State responds that the trial court considered all the factors it was required to consider in determining whether the Defendant's sentence should be served in confinement. The State further responds that the Defendant pled guilty to three Class B felonies which all occurred within the span of one month, the Defendant has a criminal history with three prior convictions and a probation violation, and the Defendant admittedly has an addiction to cocaine. The State concludes that all these facts justify confinement in this case.

An appellate court's review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). As the Sentencing Commission Comments to this section note, on appeal the burden is on the Defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, the court may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991); see also State v. Carter, 254 S.W.3d 335 (Tenn. 2008).

The Defendant was eligible for probation because the "sentence actually imposed

upon [him was] ten (10) years or less." Tenn. Code Ann. § 40-35-303(b). Thus, the trial court was required to automatically consider probation as a sentencing option. Tenn. Code Ann. § 40-35-303(b). However, no criminal defendant is automatically entitled to probation as a matter of law. State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997). The defendant has the burden of establishing his or her suitability for full probation. See State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). The defendant must demonstrate that probation will "subserve the ends of justice and the best interests of both the public and the defendant." Hooper v. State, 297 S.W.2d 78, 81 (Tenn. 1956), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9-10 (Tenn. 2000). Additionally, the Defendant was not to be considered a favorable candidate for alternative sentencing under the Sentencing Act because he was convicted of three Class B felonies. Tenn. Code Ann. § 40-35-102(6) (limiting the consideration as a favorable candidate for alternative sentencing to those convicted of Class C, D, or E felonies and "in the absence of evidence to the contrary").

In determining any defendant's suitability for alternative sentencing, the trial court should consider whether

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1)(A)-(C). Additionally, the trial court may also consider the circumstances of the offense; the defendant's criminal record, social history, and present condition; the deterrent effect upon the defendant; and the best interests of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978). The trial court shall also consider the mitigating and enhancing factors as set forth in Tennessee Code Annotated sections 40-35-113 and -114. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). A trial court should also consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code. Ann. § 40-35-103(5); Boston, 938 S.W.2d 435 at 438. Ultimately, in sentencing a defendant, a trial court should impose a sentence that is "no greater than that deserved for the offense committed" and is "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(2), (4).

We conclude that the trial court did not err in ordering the Defendant to serve his sentence in confinement. First we note that the Defendant was not initially considered to be a favorable candidate for alternative sentencing because he was convicted of three Class B felonies. Furthermore, the record reflects that the trial court properly considered all of the statutorily mandated factors in making its decision. While the Defendant did not have a significant criminal history, the trial court gave great weight to the fact that the Defendant sold a significant amount of cocaine in a relatively short period of time. The trial court also gave great weight to the fact that the Defendant had previously had his probation revoked for cocaine use. Additionally, the Defendant testified that he had been a habitual cocaine user for over a decade, despite his repeated failed attempts at rehabilitation. Accordingly, we affirm the judgments of the trial court.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE